THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD KELLOGG,                              :
                                             :
                    Plaintiff,               :
        v.                                   :      3:22-CV-1165
                                             :      (JUDGE MARIANI)
JOSEPH STAYROOK, et al.,                     :
                                             :
                    Defendants.              :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On June 24, 2022, Plaintiff, Ronald Kellogg, filed the above-captioned action in the

Court of Common Pleas of Pike County.  The Complaint (Doc. 1-1) alleges state law claims

against Defendants Joseph Stayrook, Progressive Preferred Insurance Company

("Progressive"), and State Farm Mutual Automobile Insurance Company ("State Farm")

arising out of a motor vehicle accident on December 15, 2021.

Plaintiff served Defendants Progressive and State Farm with the Complaint on June

27, 2022.  (Doc. 4, ¶¶ 2, 4).[1]  As of the filing of Plaintiff's motion to remand, Defendant

Stayrook had not been served.  (Doc. 4, ¶ 5).

Defendant State Farm removed this action on July 27, 2022, pursuant to 28 U.S.C.

§§ 1332 and 1446(b) on the basis of diversity of citizenship.  (Doc. 1).  The notice of

_____

[1] Although the Court notes that in response to Plaintiff's motion to remand, State Farm asserts that
it was served on June 28, 2022, not June 27 (Doc. 7,  at 1; Doc. 8, ¶ 4), this factual dispute is not material
to the present motion.

removal does not indicate that Defendant Progressive consented to, or joined in, State

Farm's removal of the action or was previously notified that the action would be removed by

State Farm.  (*See generally*, Doc. 1).

On August 29, 2022, Plaintiff timely[2] filed a Motion to Remand (Doc. 4) and

supporting brief (Doc. 5), asserting that State Farm's removal violated the rule of unanimity

and was procedurally defective.

For the reasons that follow, the Court will grant Plaintiff's Motion.

### III. ANALYSIS

Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the
> matter in controversy exceeds the sum or value of $75,000, exclusive of
> interest and costs, and is between . . . citizens of different States. . .

28 U.S.C. § 1332(a)(1).  Here, Plaintiff does not dispute that the parties in the operative

complaint are citizens of different states or that the amount in controversy exceeds $75,000.

Rather, Plaintiff argues that State Farm's removal of this action was "improper because

Defendant State Farm did not obtain the consent of Defendant Progressive prior to removing

this matter." (Doc. 4, ¶ 6).

Section § 1446, in setting forth the procedure for removal of civil actions to federal

court, states:

---

[2] Pursuant to 28 U.S.C. § 1447(c), Plaintiff's Motion to Remand was due on or before August 27, 2022.  However, because August 27 was a Saturday, the deadline for the filing of a timely remand motion was August 29, 2022. *See* Fed.R.Civ.P. 6(a)(1).

**(b) Requirements; generally. -- (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

**(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b).  Following the removal of an action from state court, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

"[I]t is well-established that removal generally requires unanimity among the defendants" but "[f]ailure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional."  *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  Thus, where Plaintiff Kellogg argues that State Farm's removal of this action was "improper because Defendant State Farm did not obtain the consent of Defendant Progressive prior to removing this matter" (Doc. 4, ¶ 6), Plaintiff asserts a

3

procedural defect in the removal of this action.  Although a non-jurisdictional objection to

removal, such as a procedural defect in the petition for removal, can be waived, a plaintiff

may preserve the objection by filing a motion to remand within the 30-day period set forth in §

1447(c), *see In re: FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450-451 (3d Cir. 2000), as

Plaintiff Kellogg did in the present action.

The Third Circuit Court of Appeals has recognized that pursuant to § 1446(a) "all

defendants – who do not file their *own* notices of removal – must join in a removal petition."

*Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F.Supp.3d 551, 560 (W.D.Pa. 2015)

(citing *Balazik*, 44 F.3d at 213) (emphasis in *Baldy*).  Thus, "[e]ach defendant must sign

another defendant's Notice of Removal, file its own Notice of Removal, or file a written

consent to, or joinder in the original Notice of Removal".  *Alejandro v. Phil. Vision Center*, 271

F.Supp.3d 759, 761 (E.D. Pa. 2017).  "The district courts within this circuit hold that

defendants who wish to join in a removal petition must – within thirty days of the last

defendant being served with the complaint – clearly and unambiguously join in the removal

petition."  *Id*. (emphasis in original).

District courts within the Third Circuit have interpreted "clear" and "unambiguous"

consent differently.  *See e.g. Alejandro,* 271 F.Supp.3d at 761 ("One defendant may not

speak for another defendant when filing a Notice of Removal. Defendant A, for example,

cannot give its consent to removal by authorizing defendant B, who is filing the Notice of

Removal, to say that defendant A consents without the defendant A or defendant A's attorney

actually signing the Notice of Removal.  . . . Nor may consent be established by attaching a letter of consent from one defendant to another defendant's Notice of Removal.")(internal citations omitted); *McNulty v. Auchter Industrial Serv., Inc.*, 2015 WL 7252907, \*2 (E.D. Pa. 2015) ("An email communicating consent to removal that is attached to the notice of removal can be accepted as unambiguous written consent."); *Gonzalez v. New Werner Holding Co., Inc.*, 2021 WL 4037516, \*2 (E.D.Pa. 2021) ("[A] statement from the removing defendant that the other defendants consent to removal is sufficient evidence of unanimity for purposes of removal."); *Hart v. Duke Realty Ltd. P'ship*, 2020 WL 3819141, \*2 (E.D. Pa. 2020) ("[E]xpress, official, and unambiguous" consent "does not always require a formal filing" and "an informal, even oral consent may suffice but *only if* presented directly to the court.") (emphasis in original).

   In addition to requiring clear and unambiguous consent in the removal of an action to federal court by all parties who have been properly served, "district courts within the Third Circuit require that all codefendants join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint" and "[a]ny subsequent written notice of consent filed outside this prescribed thirty day period is defective."  *A.R. v. Norris*, 2015 WL 6951872, \*4 (M.D.Pa. 2015).  *See also*, *Cacoilo v. Sherwin-Williams Co.*, 902 F.Supp.2d 511, 518 (D.N.J. 2012) ("Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but

so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period. The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.").

In the present case, State Farm's notice of removal does not indicate Progressive consents, or joins in, the removal of the action, nor does it include any attachment from counsel for Progressive setting forth its position. Thus, it is clear that, at the time of the removal of this action on July 27, 2022, Progressive had not clearly and unambiguously joined in the removal on the record. State Farm and Progressive's belated attempts to demonstrate that Progressive consented to the removal fail to cure this procedural deficiency.

In response to Plaintiff's motion to remand, State Farm asserts that it orally obtained consent from Defendant Progressive's counsel to file the notice of removal. (Doc. 7, at 2, 4). State Farm further argues that "any alleged untimeliness argument is without merit" where (1) Progressive has now, as a result of Plaintiff's motion to remand, filed a written Notice of Consent to State Farm's Notice of Removal and § 1146 does not set forth a time frame "as to when an earlier-served defendant 'may consent' to the removal" and "is also silent as to the manner of consent of an earlier-served defendant" and (2) because Defendant Stayrook has not been served and thus still has the right to file a notice of removal. (Doc. 7, at 3-4). Following State Farm's brief in opposition to Plaintiff's motion to remand, Defendant Progressive filed a document, dated September 12, 2022, stating that it "consents to the

removal of the instant case to the Middle District of Pennsylvania" and that counsel for

Progressive had a conversation with counsel for State Farm "prior to the filing of the removal

that they would not oppose the case proceeding in the Middle District of Pennsylvania."

(Doc. 9, ¶ 6). Attached to Progressive's filing is a letter, dated September 9, 2022, from

counsel for Progressive to counsel for State Farm, confirming that it had previously

"discussed" that Progressive would not oppose the case proceeding in federal court and

explaining that "[s]ince Progressive was not served with a copy of the removal[,] we were not

able to consent at that time. . ." (Doc. 9-3).

Defendants' position is without merit. Regardless of how this Court interprets the

requirements of "clear" and "unambiguous" consent, it is evident that Progressive's oral

statement to State Farm's counsel, and State Farm's failure to even reference this consent in

its Notice of Removal, falls well short of meeting the requirements of unanimity among the

served defendants at the time of removal. *See Hart*, 2020 WL 3819141, at *2 (although oral

consent to removal may be sufficient, that consent must be presented directly to the court

and thus "oral consent given from one defendant to another does not meet this requirement

because one defendant cannot speak on behalf of another."). Further, despite State Farm's

unsupported assertions to the contrary, case law within the Third Circuit makes clear that all

codefendants must join in the notice of removal or give their consent to removal within thirty

days after receiving service of plaintiff's complaint. Here, the first express statement to the

Court by Progressive that it consented to State Farm's removal of the action was on

7

September 12, 2022, approximately 77 days after it had been served with Plaintiff's complaint and 47 days after Defendant State Farm removed this action to federal court. Finally, State Farm's assertion that the removal is not untimely because Defendant Stayrook had not been served at the time of the removal contravenes the statutory 30-day requirement of § 1446. State Farm's argument, in essence, requests that this Court hold that removal by a previously-served defendant would be timely so long as it is made within 30 days of service of the complaint on the last-served defendant and that clear and unambiguous consent by all parties, regardless of when they were served, is not required until that time. Instead, the law is clear that each defendant has 30-days from the date on which it was served to remove the action to federal court and, in the present case where Defendant Progressive was served one day prior to State Farm, the notice of removal must have indicated Progressive's clear and unequivocal consent to removal, or Progressive must have filed its own notice, that same day. State Farm's argument additionally impermissibly assumes, without any basis, that Defendant Stayrook, once served, would have timely filed a notice of removal.

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also*, *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the

litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507

F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392

(3d Cir. 2004)).  In the present case, Defendant Progressive's purported clear and

unequivocal consent to the removal of this action to federal court by State Farm was

untimely and thus removal of this action was procedurally defective.[3]  As a result, this action

will be remanded to the Court of Common Pleas of Pike County.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 4) will be

granted.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] Because Progressive's filings addressing removal were untimely, this Court need not decide
whether its repeated statements that it does "not oppose" the case proceeding in the Middle District of
Pennsylvania (*see* Doc. 9, 9-1, 9-3) are sufficient to constitute clear and unequivocal consent to Defendant
State Farm's removal of this case.  *See Alejandro*, 271 F.Supp.3d at 761 (District Court explaining that
where the co-defendants wrote that "they 'did not object' to the removal of this action to the court", "[a]n
expression of no objection to an act of another party does not mean consent to or joinder in what that other
party is doing. It is at best an ambiguous signal that cannot meet the requirement of an affirmative written
consent to removal as required under § 1446(a) and as articulated in the case law.").